B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeffrey Kiser, Patricia Kiser & Martha Pittson | CHRISTOPHER D. DOUGHERTY & NEREIDA I. DOUGHERTY |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Christian McLaughlin, Esq<br>701 Palomar Airport Rd., Ste. 300<br>Carlsbad, CA 92011 | Thomas S. Engel, ESQ.<br>Law Office of Engel & Miller<br>964 Fifth Avenue, Suite 400<br>San Diego, CA 92101 |

| PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of Fiduciary Duty; Fraud-Misrepresentation; Unfair Business Practices; Financial Elder Abuse; Defalcation; 11 USC §523(a)(2)(A), 11 USC §523(a)(4), 11 USC §523(a)(6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 - Recovery of money/property - § 542 turnover of property<br>☐ 12 - Recovery of money/property - § 547 preference<br>☐ 13 - Recovery of money/property - § 548 fraudulent transfer<br>☑ 14 - Recovery of money/property - other | ☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☑ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 - Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91 - Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01 - Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☑ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>☑ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>(continued next column) | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.<br>☑ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 425000.00 |

**Other Relief Sought**
Judgment, damages, pre-judgment interest, disgorgement of funds, punishment damages, legal fees and costs, non-dischargeable order

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>CHRISTOPHER D. DOUGHERTY & NEREIDA I. DOUGHERTY || BANKRUPTCY CASE NO.<br>18-06051-LT11 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE | NAME OF JUDGE<br>Hon. Laura Taylor ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>02/19/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christian McLaughlin |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

Christian McLaughlin, State Bar No. 250885
LEGAL OBJECTIVE
701 Palomar Airport Road, Ste. 300
Carlsbad, CA 92011
Telephone: (760) 431-2200
Facsimile: (760) 431-2244
Attorneys for Creditor: JANICE LEITNER

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re; | CASE #: 18-06051-LT11 |
| CHRISTOPHER D. DOUGHERTY & | AP #: |
| NEREIDA I. DOUGHERTY | COMPLAINT FOR: |
| Debtors | 1) Breach of Fiduciary Duty<br>2) Fraud-Misrepresentation<br>3) Unfair Business Practices<br>4) Financial Elder Abuse<br>5) Defalcation |
| JEFFREY KISER; PATRICIA KISER; | |
| Estate of MARTHA PITTSON, | -11 USC §523(a)(2)(A)<br>-11 USC §523(a)(4)<br>-11 USC §523(a)(6) |
| Plaintiffs, | |
| V | |
| CHRISTOPHER D. DOUGHERTY & | |
| NEREIDA I. DOUGHERTY | |
| Defendants. | |

## ADVERSARY COMPLAINT

Plaintiffs Jeffrey Kiser, Patricia Kiser and The Estate of Martha Pittson ("Plaintiffs"), by and through their counsel Christian McLaughlin, hereby bring this Adversarial Complaint against Christopher Dougherty and Nereida Dougherty ("Debtors"). Plaintiffs Jeffrey Kiser and Patricia Kiser seeks a judgment for $330,000.00, and The Estate of Martha Pittson seeks judgment for

**COMPLAINT**
1

$95,000.00. In addition all Plaintiffs seek pre-judgment interest, a punitive multiplier of the actual damages, legal fees and costs, an allowed claims in the Debtors' bankruptcy proceeding for the total amount awarded and a determination that the debts underlying said claims are not dischargeable per 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) and/or 11 U.S.C. § 523(a)(6).

## I. JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7004(4) of the Federal Rules of Bankruptcy Procedure.

2. This is a core proceeding and this court has jurisdiction pursuant to 28 U.S.C. §157 and §1334.

## II. PARTIES

3. Plaintiffs Jeffrey Kiser and Patricia Kiser are a married couple and they are creditors of the Debtors as defined 11 U.S.C. section 101(10)(A).

4. Martha Pittson is the mother of Plaintiff Patricia Kiser. Martha Pittson is now deceased. Patricia Kiser brings claims as the executrix of Ms. Pittson's estate. The Estate of Martha Pittson is a creditor of the Debtors as defined 11 U.S.C. section 101(10)(A).

5. Defendants Christopher Dougherty and Nereida Dougherty, dba C&N WEALTH MANAGEMENT, are the Debtors.

## III. BACKGROUND

Debtor Christopher Dougherty engaged the Plaintiffs expressing concerns that the Plaintiffs' financial portfolios were not earning the Plaintiffs enough money. Mr. Dougherty and his wife courted and befriended Plaintiffs in a calculated effort to gain the Plaintiffs' trust, and as

a result the Plaintiffs began to provide Mr. Dougherty with monies to invest and manage. The investment(s) were never well defined, but were stated to be tax free investments.

Plaintiffs Jeffrey Kiser and Patricia Kiser transferred a total of $330,000.00 to Christopher Dougherty's control to be invested. Before her passing on June 30, 2018, at the age of 91, Plaintiff Martha Pittson transferred a total of $95,000.00 to Christopher Dougherty's control to be invested. Despite the intent of Plaintiffs, it is suspected that the monies were never invested, but rather used to fund a fraudulent Ponzi scheme initiated by the Debtors.

Over the years Christopher Dougherty would regularly issue financial statements indicating the investment(s) were all doing remarkably well. The financial statements were false. Plaintiffs now believe that the Debtors simply used their monies to fund the Debtors' private needs, to fund the Debtors' personal business ventures and to fund a fraudulent Ponzi like scheme.

Christopher Dougherty surrendered his license to provide financial services in 2017, failed to tell Plaintiffs, continued to solicit funds from the Plaintiffs and continued to issue false financial statements to the Plaintiffs regarding their investments.

Plaintiff Jeffrey Kiser is 69 years of age, Plaintiff Patricia Kiser is 68 years of age and at the time of her death (June 30, 2018) Plaintiff Martha Pittson was 91 years of age. Plaintiffs are "elders" within the meaning of Welfare & Institutions Code section 15610.27.

# FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

5. Plaintiffs incorporate all other paragraphs of this Complaint as if fully set forth herein at length, and further allege as follows:

6. Christopher Dougherty engaged Plaintiffs as a licensed financial advisor.

7. The Debtors convinced the Plaintiffs that their retirement/investment accounts were not earning as much as they could earn by investing with Mr. Dougherty; the Plaintiffs liquidated their accounts, incurring penalties and tax debt, and provided the remaining funds to Mr. Dougherty to be invested. As such Mr. Dougherty was an agent of Plaintiffs.

8. As Plaintiffs agent, Mr. Dougherty owed Plaintiffs a fiduciary duty to act primarily for their benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of its principals.

9. As Plaintiffs' agent, Mr. Dougherty owed a duty of loyalty and a duty to deal fairly with Plaintiffs at all times.

10. Plaintiffs Jeffrey and Patricia Kiser transferred a total of $330,000.00 to Christopher Dougherty's control to be invested.

11. Plaintiff Martha Pittson transferred a total of $95,000.00 to Christopher Dougherty's control to be invested.

12. The relationship was memorialized in numerous written statements issued by C&N Wealth Management.

13. Mr. Dougherty willfully and intentionally breached his fiduciary duty in that the $425,000.00 provided to him by Plaintiffs was never invested at all.

14. The funds were used by the Debtors to fund a lavish lifestyle, to pursue personal business ventures and to fund a fraudulent Ponzi like scheme.

15. The Debtors would often issue the Plaintiffs financial statements, the statements would always indicate that the "investments" were doing well and that the Plaintiffs' money was safe.

16. The financial statements issued were false.

17. Unknown to the Plaintiffs, Mr. Dougherty surrendered his license to provide financial services in 2017.

18. Mr. Dougherty failed to invest funds as agreed, failed to invest funds at all, failed to provide accurate financial statements, and failed to inform the Plaintiffs that he was no longer licensed to provide financial services.

19. The Debtors stole Plaintiffs' funds.

20. The Debtors' behavior can only be described as an elaborate scheme to steal the Plaintiffs' monies.

21. As a direct and proximate result of the Debtors' breaches as alleged herein, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the $425,000.00 invested.

**COMPLAINT**
5

22. The Debtors' willful, oppressive, intentional and malicious breaches of fiduciary duty authorize the imposition of exemplary damages pursuant to California Civil Code section 3294.

## SECOND CAUSE OF ACTION
## FRAUD-INTENTIONAL MISREPRESENTATION

23. Plaintiffs incorporate all other paragraphs of this Complaint as if fully set forth herein at length, and further allege as follows:

24. As alleged herein, Debtors have made several representations to the Plaintiffs regarding material facts concerning the investment of Plaintiffs' funds, and that Mr. Dougherty was a licensed financial advisor.

25. The Debtors' representations regarding the investment, the return on said investments and that Mr. Dougherty was at all times a licensed financial planner were material to Plaintiffs' decisions to invest, and these representations were false.

26. The Debtors made the representations to Plaintiffs with knowledge of the falsity or with reckless disregard for the truth or falsity.

27. The Debtors made the representations to Plaintiffs with the knowledge and intent that Plaintiffs would rely on the representations and with the intent to deceive Plaintiffs and to induce Plaintiffs into liquidating their retirement accounts and to provide the Debtors with their savings to be invested.

28. In reasonable and justifiable reliance on the Debtors' representations, and without knowledge of the falsity, Plaintiffs were induced to their detriment to proceed to liquidate their holdings and provide said funds to the Debtors to be invested.

29. But for the Debtors' representations, Plaintiffs would not have made the investments with Debtors.

30. As a result of the Debtors' intentional and fraudulent misrepresentations and Plaintiffs' reasonable and justifiable reliance thereon, Plaintiffs have been injured in an amount exceeding the $425,000.00 invested.

31. As a result of the above-alleged misconduct, Plaintiffs have been required to hire present counsel to commence and prosecute this action, and have incurred and will incur attorneys' fees and costs in an amount to be proven at trial. Pursuant to the controlling contractual document(s) and/or applicable law, Plaintiffs are entitled to recover their costs and reasonable attorney's fees.

32. Defendants' acted with recklessness, oppression, fraud and/or malice in the commission of, amongst other things, elder abuse. Debtors' conduct constitutes and intentional scheme to defraud Plaintiffs and deprive them of their savings.

33. Debtors' actions constitute despicable conduct in conscious disregard of Plaintiffs' rights, so as to justify and award of exemplary damages in an amount to be determined at trial pursuant to Civil Code section 3294.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

34. Plaintiffs incorporate all other paragraphs of this Complaint as if fully set forth herein at length, and further allege as follows:

35. Plaintiffs are informed, believe, and thereon allege, that the Debtors committed unlawful, unfair and/or fraudulent business practices, as defined by California Business and

Professions Code section 17200 et. Seq., by engaging in unlawful, unfair and fraudulent business practices as alleged herein.

36. As a result of the Debtors' misconduct, Plaintiffs have suffered various damages and injuries according to proof at trial.

37. Plaintiffs seeks injunctive relief enjoining the Debtors from engaging in unfair business practices described herein.

38. Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### ELDER FINANCIAL ABUSE IN VILATION OF WELFARE & INSTITUTIONS CODE SECTION 15610, ET SEQ.

39. Plaintiffs incorporate all other paragraphs of this Complaint as if fully set forth herein at length, and further allege as follows:

40. Plaintiffs are "elders" within the meaning of Welfare & Institutions Code section 15610.27.

41. Debtors befriended Plaintiffs and acted concerned about their current investments. By acting concerned about the Plaintiffs' financial investments and by courting Plaintiffs, Debtors worked their way into Plaintiffs' confidence, trust and finances.

42. Debtors took, secreted, appropriated and/or retained Plaintiffs' monies to a wrongful use or with the intent to defraud, or both. The Debtors' acts were done in bad faith.

43. Debtors owed Plaintiffs a fiduciary duty in the capacity as, among other things, financial advisors.

44. Using the trust and/or fiduciary relationship established with Plaintiffs, Debtors induced Plaintiffs to "invest" money, which was against the Plaintiffs' best interests. Such activities constitute elder abuse as defined in Welfare & Institutions Code section 15610 et seq.

45. As a result, Plaintiffs have suffered monetary damages and emotional distress in an amount to be proven at trial.

46. Debtors acted with recklessness, oppression, fraud and/or malice in the commission of elder abuse. Debtors' conduct constitutes and intentional scheme to defraud Plaintiffs and deprive them of money.

47. Debtors' actions constitute despicable conduct in conscious disregard of Plaintiffs' rights, so as to justify and award of exemplary damages in an amount to be determined at trial pursuant to Civil Code section 3294, and this court is authorized to award treble damages pursuant to Civil Code section 3345.

## FIFTH CAUSE OF ACTION
## DEFALCATION AS DEFINED BY 11 USC SECTION 523(a)(4)

48. Plaintiffs incorporate all other paragraphs of this Complaint as if fully set forth herein at length, and further allege as follows:

49. The Supreme Court's 2013 ruling in *Bullock v BankChampaign, N.A.*, is the authority defining defalcation in the context of 11 USC section 523(a)(4).

> [W]here the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent. Thus, we include reckless conduct of the kind set forth in the Model Penal Code. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards" (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty. . . . That risk must be of such a nature and degree that, considering the nature and

COMPLAINT
9

purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation. *Bullock v. BankChampaign, N.A.*, 133 S. Ct. at 1759-60 (2013) (internal quotes and citations omitted).

50. Debtors acted in bad faith, with moral turpitude, and with other immoral conduct while acting as the fiduciary of Plaintiffs, and/or the Debtors acted intentionally or with gross recklessness while acting as the fiduciary of Plaintiffs.

51. Defendants acted with recklessness, oppression, fraud and/or malice in the commission of, amongst other things, intentional fraud and financial elder abuse.

52. Debtors' conduct constitutes and intentional scheme to defraud Plaintiffs and deprive them of their savings.

53. Debtors' actions constitute despicable conduct in conscious disregard of Plaintiffs' rights, so as to justify and award of exemplary damages in an amount to be determined at trial pursuant to Civil Code section 3294.

**DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury. WHEREFORE, Plaintiffs pray for judgment and orders against Debtors, inclusive as follows:

1. That judgment be entered in Plaintiffs' favor and against each Debtor, and each of them;
2. For an order stating Debtors engaged in unfair business practices;
3. For damages, disgorgement, and injunctive relief under California's common and statutory law of unfair business practices;
4. For compulsory and statutory damages, attorneys' fees and costs according to proof at trial;
5. For attorneys' fees pursuant to Welfare & Institutions Code section 15657;

6. For exemplary damages in an amount sufficient to punish and deter the Debtors' misconduct according to Civil Code section 3294, and/or treble damages according to Civil Code section 3345 and for willful and malicious injury 11 USC 523(a)(6);

7. For prejudgment interest on all sums appropriate;

8. For a determination that the debts owed to Plaintiffs are precluded from any discharge sought by the Debtors as follows;

   a. The damages associated with the Debtors' intentional behavior should be denied from discharge under 11 U.S.C. §523(a)(2)(A), 11 USC 523(a)(6) and/or 11 U.S.C. §523(a)(4).

      - 11 U.S.C. §523(a)(2)(A), a debtor is not discharged in bankruptcy from any debt obtained by "false pretenses, a false representation, or actual fraud";

      - 11 U.S.C. §523(a)(4) which excepts from discharge debts incurred by "fraud or defalcation while [the debtor was] acting in a fiduciary capacity, embezzlement or larceny."

      - 11 USC 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity."

9. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
/s/ Christian McLaughlin          Dated: 02/18/2019
Christian McLaughlin, Esq.
Counsel for Jeffrey Kiser, Patricia Kiser
And The Estate of Martha Pittson

COMPLAINT
11